UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2016 FEB -5  PM 4:01

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | | |
|---|---|---|
| AMERICAN BASKETBALL ASSOCIATION, LLC | ) ) ) ) | |
| Plaintiff, | ) ) | CAUSE NO. |
| vs. | ) ) ) | |
| PROVIDENCE SKY CHIEFS, LLC, TAWAN SLAUGHTER d/b/a BUFFALO 716ers, and WILLIAM ALLEN d/b/a BOSTON DEFENDERS | ) ) ) ) ) | 1:16-cv-0316 WTL-MJD |
| Defendants. | ) | |

## COMPLAINT

Comes now Plaintiff, American Basketball Association, LLC (the "ABA"), by counsel, and hereby files its Complaint against Defendants Providence Sky Chiefs, LLC, Tawan Slaughter d/b/a Buffalo 716ers ("Slaughter") and William Allen d/b/a the Boston Defenders ("Allen"). In support of its Complaint, the ABA states as follows:

### PARTIES AND JURISDICTION

1. The ABA is a lawfully and duly organized Indiana Limited Liability Company under the laws of the State of Indiana, with its principal place of business in Indianapolis, Indiana.

2. Providence Sky Chiefs, LLC is a lawfully and duly organized Rhode Island Limited Liability Company under the laws of the State of Rhode Island, with its principal place of business in Providence, Rhode Island.

3. Defendant Slaughter is an individual residing the City of Buffalo situated in Erie County in the State of New York. Thus, for purposes of diversity of citizenship, Slaughter is a citizen of the state of New York.

4. Defendant Allen is an individual residing the City of Dallas situated in Dallas County in the State of Texas. Thus, for purposes of diversity of citizenship, Allen is a citizen of the state of Texas.

5. This Court has subject matter jurisdiction over this action pursuant 28 U.S.C. §1332 because complete diversity of citizenship exists between the ABA and the Defendants. The ABA is a citizen of the State of Indiana whereas Defendants Providence Sky Chiefs, LLC, Slaughter and Allen are citizens of Rhode Island, New York and upon information and belief Massachusetts, respectively. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6. This court has personal jurisdiction over the ABA because it is organized and domiciled in the State of Indiana.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c) because the contract underlying the claims asserted herein is governed by the laws of the State of Indiana.

### FACTUAL ALLEGATIONS

8. The ABA is an organized Indiana Limited Liability Company that operates as a nationwide professional basketball league comprised of member basketball teams ("Professional Basketball Teams").

9. Professional Basketball Teams seeking to join the ABA as a member, and compete in the league are required to execute an ABA Team Reservation Agreement, pay a reservation fee, pay an initial deposit and operate their team in accordance with the terms conditions set forth in the ABA Team Reservation Agreement in exchange for receiving a conditional grant of exclusive rights to operate the respective professional basketball team in a particular market.

10. Among the terms and conditions set forth in the ABA Team Reservation Agreement, is the following:

> 8. <u>Non-Competition</u>. The Company agrees the ABA has created substantial goodwill in the development of its trade name and marks, local team marketing techniques, rules, innovations, plans, trade secrets, proprietary information and methods of doing business as a professional basketball league. The Company agrees the ABA would be unfairly disadvantaged and irreparably injured should it become a member of the ABA and then leave to play in or join another professional basketball league in the United States or anywhere in the world. Should the Company leave the ABA for another professional basketball sports league for any reason, it will compensate the ABA in liquidated damages in the amount $400,000 for value received by the Company and injury sustained by the ABA.

11. On or about August 1, 2014, Defendant Providence Sky Chiefs, LLC as owner, signed an ABA Team Reservation Agreement to reserve a market and join its professional basketball team, named the Providence Sky Chiefs, as a member to the ABA.

12. On or about May 9, 2015, Defendant Slaughter as Owner, signed an ABA Team Reservation Agreement to reserve markets and join two (2) professional basketball teams, named the Buffalo 716ers and Jamestown Hurricane, as members to the ABA.

13. A copy of the signed ABA Team Reservation Agreement between the ABA and Slaughter is attached hereto as exhibit 1 and incorporated by reference.

14. On or about June 13, 2015, Defendant Allen as owner, signed an ABA Team Reservation Agreement to reserve a market and join his professional basketball team, named the Boston Defender as a member to the ABA.

15. A copy of the signed ABA Team Reservation Agreement between the ABA and Allen is attached hereto as exhibit 2 and incorporated by reference.

16. Thereafter, each of the Defendant Owners began operating as a member of the ABA and participating in the conduct of business of the ABA by scheduling and competing the league.

## COUNT I – BREACH OF CONTRACT AGAINST DEFENDANT PROVIDENCE SKY CHIEFS, LLC

Comes now the ABA, by counsel, and for its claim for damages resulting from Defendant Providence Sky Chief's breach of the ABA Team Reservation Agreement, and states the following:

17. The ABA restates and incorporates herein numerical paragraphs 1 through 16 of this Complaint as if otherwise fully set forth herein.

18. The ABA Team Reservation Agreement constitutes a valid, legally binding contract between the ABA and Defendant Providence Sky Chiefs.

19. By signing the ABA Team Reservation Agreement Defendant Providence Sky Chiefs and the ABA agreed the ABA Team Reservation Agreement would be governed by and construed according to the laws of the State of Indiana.

20. The ABA performed all of its obligations under the ABA Team Reservation Agreement.

21. Defendant Providence Sky Chiefs breached the ABA Team Reservation Agreement in that it withdrew from the ABA, joined and began participating and competing in another professional basketball league, namely the Premier Basketball League ("PBL").

22. The actions taken by Defendant Providence Sky Chiefs violated and were in direct contravention of paragraph 8 of the ABA Team Reservation Agreement it executed and in doing so, Defendant Providence Sky Chiefs injured the ABA.

WHEREFORE, the ABA demands judgment against Defendant Providence Sky Chiefs in the amount of liquidated damages set forth in the ABA Team Reservation Agreement

totaling $400,000.00 and for pre-judgment and post-judgment interest at the statutory rate, costs of this action, and for all other relief just and proper in the premises.

### COUNT II – BREACH OF CONTRACT AGAINST DEFENDANT TAWAN SLAUGHTER

Comes now the ABA, by counsel, and for its claim for damages resulting from Defendant Slaughter's breach of the ABA Team Reservation Agreement, and states the following:

23. The ABA restates and incorporates herein numerical paragraphs 1 through 22 of this Complaint as if otherwise fully set forth herein.

24. The ABA Team Reservation Agreement constitutes a valid binding contract between the ABA and Defendant Slaughter.

25. By signing the ABA Team Reservation Agreement Defendant Slaughter and the ABA agreed that the ABA Team Reservation Agreement would be governed by and construed according to the laws of the State of Indiana.

26. The ABA performed all of its obligations under the ABA Team Reservation Agreement.

27. Defendant Slaughter breached the ABA Team Reservation Agreement in that she withdrew her teams from the ABA, joined and began participating and competing in another professional basketball league, namely the PBL.

28. The actions taken by Defendant Slaughter violated and were in direct contravention of paragraph 8 of the ABA Team Reservation Agreement she executed and in doing so, Defendant Slaughter injured the ABA.

WHEREFORE, the ABA demands judgment against Defendant Slaughter in the amount of liquidated damages set forth in the ABA Team Reservation Agreement totaling

$400,000.00 and for pre-judgment and post-judgment interest at the statutory rate, costs of this action, and for all other relief just and proper in the premises.

### COUNT III – BREACH OF CONTRACT AGAINST DEFENDANT WILLIAM ALLEN

Comes now the ABA, by counsel, and for its claim for damages resulting from Defendant Allen's breach of the ABA Team Reservation Agreement, and states the following:

29. The ABA restates and incorporates herein numerical paragraphs 1 through 28 of this Complaint as if otherwise fully set forth herein.

30. The ABA Team Reservation Agreement constitutes a valid and legally binding contract between the ABA and Defendant Allen.

31. By signing the ABA Team Reservation Agreement Defendant Allen and the ABA agreed that the ABA Team Reservation Agreement would be governed by and construed according to the laws of the State of Indiana.

32. The ABA performed all of its obligations under the ABA Team Reservation Agreement.

33. Defendant Allen breached the ABA Team Reservation Agreement in that it withdrew from the ABA, joined and began participating and competing in another professional basketball league, namely the PBL.

34. The action taken by Defendant Allen violated and were in direct contravention of paragraph 8 of the ABA Team Reservation Agreement and in doing so Defendant William Allen injured the ABA.

WHEREFORE, the ABA demands judgment against Defendant Allen in the amount of liquidated damages set forth in the ABA Team Reservation Agreement totaling $400,000.00

and for pre-judgment and post-judgment interest at the statutory rate, costs of this action, and for all other relief just and proper in the premises.

## JURY TRIAL REQUEST

Plaintiff respectfully requests that this matter be tried by Jury.

Respectfully Submitted,

LAW OFFICES OF JASON D. MAY, LLC

_____
Jason D. May, Atty No. 27434-49

Law Offices of Jason D. May, LLC
9201 N. Meridian Street, Suite 220
Indianapolis, IN 46260
Telephone: 317-218-3859
Facsimile: 888-320-7409
jason.may@jasonmaylaw.com